# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DIVISION OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **STEPHEN PATRICK BRYANT III,** | Civil Action No.: |
| | **(Jury Trial)** |
| *Plaintiff,* | |
| | |
| V. | |
| | |
| **GALVESTON COUNTY, TEXAS,** | |
| **DEPUTY HOLLEY,** *Individually,* **and** | |
| **DEPUTY SILVAS,** *Individually,* | |
| | |
| *Defendants.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JEFFREY V. BROWN:**

**NOW COMES** Plaintiff **STEPHEN PATRICK BRYANT III** complaining[1] of **GALVESTON COUNTY, TEXAS; DEPUTY HOLLEY,** *Individually;* **and DEPUTY SILVAS,** *Individually* and will show the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. §

---

[1] There is no technical required form of pleadings, pleadings can be inconsistent, state alternative facts, and, most importantly, pleadings must be construed to do justice: FRCP 8
(d) (1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required. (2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. (3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.
(e) Construing Pleadings. Pleadings must be construed so as to do justice.

1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2.Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Galveston County, Texas, within the United States Southern District of Texas, Galveston Division.

## PARTIES

3.Plaintiff Stephen Patrick Bryant III, 30, is a resident of Galveston County, Texas.

4.Defendant Galveston County, Texas is a governmental unit existing within the U.S. Southern District of Texas and can be served with process by serving Galveston County Judge Mark Henry, 722 Moody, Suite 200, Galveston, Texas 77550.

5.Defendant Deputy Holley, Individually, is a resident of Galveston County, Texas and can be served with process at 601 54th St, Galveston, TX 77551 or wherever he is found.

6.Defendant Deputy Silvas, Individually, is a resident of Galveston County, Texas and can be served with process at 601 54th St, Galveston, TX 77551 or wherever he is found.

## FACTS

7.Stephen Patrick Bryant III (Mr. Bryant) was arrested and handcuffed by Galveston County Sheriff's Office (GCSO) deputies Holley (Deputy Holley) and Silvas

(Deputy Silvas) December 14, 2018.

8. Deputy Holley walked Mr. Bryant to a GCSO's vehicle and put Mr. Bryant in the back seat.

9. As Mr. Bryant was put in the back seat Deputy Holley also got into the back seat. While in the back seat Deputy Holley put his hands onto the electrical wires that connect to the squad car camera that records the activities in the squad car's backseat and unhooked the wires from the camera.

10. Deputy Holley then left and closed the GCSO vehicle back door.

11. Mr. Bryant sat in the GCSO vehicle by himself for roughly 15 min.

12. Then Deputy Holley got in the front passenger seat and Deputy Silvas got in the driver seat of the GCSO vehicle and began driving.

13. Moments after beginning driving Mr. Bryant asked Deputy Holley what he was being charged with.

14. Mr. Bryant also said something akin to "that's bullshit you do not know the law."

15. Deputy Holley then instructed Deputy Silvas to stop the GCSO vehicle and Deputy Silvas did so without question or comment.

16. Deputy Holley then got out of the front passenger seat, exiting the vehicle, and opened up the back door, all without question or comment from Deputy Silvas who could plainly see and hear these activities.

17. Deputy Holley then jumped on top of the still handcuffed Mr. Bryant, all without question or comment from Deputy Silvas who could plainly see and hear these

activities.

18. Deputy Holley then proceeded to strangle Mr. Bryant, causing great pain, as Mr. Bryant laid in the back seat with Deputy Holley on top of Mr. Bryant, all without question or comment from Deputy Silvas who could plainly see and hear these activitie9s.

19. Deputy Holley strangled Mr. Bryant for at least 15 seconds, all without question or comment from Deputy Silvas who could plainly see and hear these activities.

20. Mr. Bryant felt he was about to pass out when Deputy Holley stopped the strangulation and said something akin to "now keep your mouth shut or I'll shut it for you," all without question or comment from Deputy Silvas who could plainly see and hear these activities.

21. Due to the strangulation by Deputy Holley and warning about shutting up and the failure of Deputy Silvas to do anything Mr. Bryant withheld other things he wanted to say about his arrest.

22. Mr. Bryant was taken to the Sante Fe, Texas jail where he was later picked up by GSCO bus and taken to Galveston County jail. The GCSO is in charge of and runs the Galveston County jail.

23. At the Galveston County jail intake Mr. Bryant told the GCSO employees about the strangulation, however, the employees laughed and did not instruct Mr. Bryant on how to make an IAD complaint nor did they notify anyone of the Deputy Holley's crimes of at least official oppression and assault.

24. After a few days Mr. Bryant got out of jail and made a complaint with the internal affairs division of the GCSO. After an investigation the GCSO determined that

Deputy Holley violated two GCSO polices on use of force and Deputy Silvas violated a GCSO policy regarding Accountability, Responsibility, and Discipline. See **Exhibit 1.**

25. Due to the Defendants' actions Mr. Bryant has suffered at least pain, anxiety, depression, fear, and nightmares.

## CAUSES OF ACTION

### Violations of the Fourth Amendment

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

28. Defendants violated Mr. Bryant's Fourth Amendment right when used excessive force upon Mr. Bryant causing his injuries.

### Violations of the First Amendment

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. The First Amendment restricts the government from "abridging freedom of speech . . . ." U.S. Const. Amend. I. The U.S. Supreme Court recently reiterated the principle that government officials cannot retaliate against individuals for engaging in protected speech absent sufficient non-retaliatory grounds. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006), *Crawford-El v.*

*Britton*, 523 U.S. 574, 593 (1998), *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283–84 (1977)). Defendants violated Bryan's right to Free Speech when they retaliated against him for speaking to Deputy Holley critiquing his police procedures and preventing him from speaking further. GCSO jail intake personnel did not inform Mr. Bryant of the IA procedures nor provide a form despite the GCSO internal affairs process being in effect for decades creating a public forum.

## BYSTANDER/FAILURE TO INTERVENE LIABILITY

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. Mr. Bryant also asserts a bystander-liability claim against Deputy Silvas under *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

33. In *Whitley*, this Court acknowledges the theory of bystander liability for excessive force claims. *Whitley*, 726 F.3d at 646; *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (holding that an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983); *Ware v. Reed*, 709 F.2d 345, 353 (5th Cir.1983) (concluding that an "instruction on the defendant's alleged acquiescence in the unconstitutional conduct of other officers should have been given"). Other circuit courts

6

are also in agreement that the direct use of excessive force is not required to impose liability under § 1983. *Garbacik v. Janson*, 111 Fed.Appx. 91, 94 (3rd Cir. 2004). *See also, Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir.1983) (concluding that an officer has "a duty to prevent the use of ... force, even if the officers beating [the victim] were [the officer's] superiors"); *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir.1982) (concluding "that it is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff"); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir.1972) (stating that "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge" and that this responsibility exists "as to nonsupervisory officers who are present at the scene of such summary punishment").

## ASSAULT

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. Assault has the following elements:

1. The defendant acted intentionally, knowingly, or recklessly.

2. The defendant made contact with the plaintiff's person.

3. The defendant's contact caused bodily injury to the plaintiff.

--See *Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.).

36. The basis for an action for assault by offensive physical contact is the unpermitted or intentional invasion of the plaintiff's person, not the harm done to the

plaintiff's body. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967). In an action for assault by offensive physical contact, the plaintiff can recover actual damages for mental anguish even without showing physical injury. *Id.* Mr. Bryant is not claiming assault under the Texas Tort Claims Act as at the time Deputy Holley and Deputy Silvas may not have been acting in good faith as a County employee and may have decided to strangle Mr. Bryant as a private matter. *Townsend v. Moya,* 291 F.3d 859, 860, 861–62 (5th Cir. 2002). Deputy Silvas participated in conspiracy by stopping the vehicle so that Deputy Holley could strangle Mr. Bryant and failed to stop him from strangling Mr. Bryant.

### Policy, Practice, Custom and Procedure/Ratification

37. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

38. Mr. Bryant had his rights violated and was injured due to the policies, practices, customs and procedures of Galveston County including at least:

    a. failure to train its officers;

    b. failure to discipline officers for excessive force;

    c. a culture of using excessive force;

    d. failure to supervise;

    e. a code of silence;

    f. a pattern of excessive force; and

    g. ratification of use of excessive force.

### PUNITIVE DAMAGES

39. Mr. Bryant incorporates the preceding paragraphs as if fully set forth herein.

40. All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

41. Mr. Bryant is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

## JURY TRIAL

42. Mr. Bryant demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephen Patrick Bryant III requests that the Court:

A. Enter judgment for Plaintiff against Galveston County, Texas and each and every individually name defendant;

B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendants;

C. Award damages to Plaintiff for the violations of his Constitutional rights and state law;

D. Award Pre- and post-judgement interest;

E. Award Punitive damages against all individually named defendants; and

F.	Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

>	Respectfully Submitted,
>
>	/s/ Randall L. Kallinen
>	Kallinen Law PLLC
>	Randall L. Kallinen
>	State Bar of Texas No. 00790995
>	U.S. Southern District of Texas Bar No.: 19417
>	511 Broadway Street
>	Houston, Texas 77012
>	Telephone:	713/320-3785
>	FAX:	713/893-6737
>	E-mail:	AttorneyKallinen@aol.com
>	Attorney for Plaintiff