Case 3:20-cv-00374   Document 36   Filed on 11/30/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:20-cv-374

STEPHEN PATRICK BRYANT, III, *PLAINTIFF*,

v.

GALVESTON COUNTY, TEXAS, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is Galveston County's motion to dismiss the plaintiff's first amended complaint for failure to state a claim under Rule 12(b)(6). Dkt. 17. Having considered the parties' arguments, the pleadings, and the applicable law, the court grants the motion to dismiss.

**I.    BACKGROUND**

The plaintiff, Stephen Patrick Bryant III, was arrested by Galveston County Sheriff's Office (GCSO) deputies Holley and Silvas on December 14, 2018. Dkt. 13 ¶ 7. Bryant alleges that Deputy Holley, after placing him in the backseat of a GCSO vehicle, unhooked the wires attached to the squad car's rear seat camera—disabling it. *Id.* ¶¶ 8–9. Deputy Holley then left Bryant

alone in the vehicle for approximately 15 minutes. *Id.* ¶ 10. Deputies Holley and Silvas then entered the vehicle, with Silvas driving and Holley in the front passenger seat. *Id.* ¶¶ 11–12. Bryant alleges he asked the deputies what he was being charged with, and in response Deputy Holley instructed Deputy Silvas to stop the vehicle. *Id.* ¶¶ 13–15. Deputy Silvas did so. *Id.*

Bryant next alleges Deputy Holley got out of the front passenger seat, exiting the vehicle, opened the back door, and jumped on the still handcuffed Bryant. *Id.* ¶¶ 16–17. Deputy Holley then allegedly strangled Bryant for at least 15 seconds, bringing Bryant close to passing out, before stopping the strangulation and telling Bryant to "now keep your mouth shut or I'll shut it for you." *Id.* ¶¶ 18–20. Bryant alleges Deputy Silvas was present for the whole encounter and could plainly see and hear Deputy Holley's actions but did not question or comment on them. *Id.* ¶¶ 16–20. Additionally, he alleges that because of these actions on the part of deputies Holley and Silvas, Bryant "withheld other things he wanted to say about his arrest including that he should not have been arrested, that he had just been the victim of excessive force, and to take him to the hospital." *Id.* ¶ 21.

After this incident Bryant was taken to the Santa Fe jail and later to the Galveston County jail. *Id.* ¶ 22. At the Galveston County jail Bryant alerted the GCSO employees of the strangulation but was laughed at; Bryant was not

instructed on how to make an official complaint against deputies Holley or Silvas. *Id.* ¶ 23. After leaving the jail, Bryant "made a complaint with the internal affairs division of the GCSO." *Id.* ¶ 24. Following an investigation, the GCSO sustained three allegations against Deputy Holley for violations of GCSO Policies: (1) Use of Force – Responsibility for Reporting (GCSO Policy 202.4.A.1 and 202.4.B); (2) Conduct Toward the Public (03.4.E.3); and (3) Use of Force – Use of Non-deadly Force (201.4.D.1).[1] Dkt. 13-1. The investigation also sustained allegations against Deputy Silvas under the GCSO Policies for (1) Use of Force – Responsibility for Reporting; and (2) Accountability, Responsibility, and Discipline (03.4.C.5). *Id.*

Bryant sued Galveston County and deputies Holley and Silvas in their individual capacities, asserting five causes of action: (1) violations of the Fourth and Fourteenth Amendments; (2) violations of the First Amendment; (3) bystander/failure-to-intervene liability;[2] (4) state-law tort claims; and (5) deficient policy, practice, custom and procedure/ratification. Dkt. 13 ¶¶ 4–6, 35–48. Bryant also seeks attorneys' fees and punitive damages. *Id.* ¶¶ 49–51. Because Galveston County is not joined in its motion to dismiss by

---

[1] A fourth allegation under the policy for Use of Force – Limitations on Use of Force (201.4.E.1) was not sustained.
[2] Asserted solely against Deputy Silvas.

deputies Holley and Silva, the court will only address the causes of action— 1, 2, 4, and 5— against Galveston County. Dkt. 13 ¶¶ 35–48.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Naked assertions and formulaic recitals of the elements of the cause of action will not suffice. *Iqbal*, 556 U.S. at 678. Even if the facts are well-pleaded, the court must still determine plausibility. *Id.* at 679. And though the court is limited to considering just the complaint and its attachments, it may take judicial notice of matters of public record. *Luman v. Diaz*, No. CV H-19-4920, 2020 WL 4818832, at *2 (S.D. Tex. Aug. 18, 2020).

## III. ANALYSIS

### A. Bryant's § 1983 Claims against Galveston County

Bryant's first, second, and fifth causes of action against Galveston County are actionable under 42 U.S.C. § 1983. Section 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the constitution or laws of the United States. 42 U.S.C. § 1983. A complaint under § 1983 must allege that the acts complained of occurred under color of state law and that the complaining parties were deprived of rights guaranteed by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995).

A complaint under § 1983 must also allege that the constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 826 (1994). A claim under § 1983 may be brought against government employees in their individual or official capacities or against a governmental entity. *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997)).

Municipal liability under § 1983 requires proof of three elements: (1) an official policy or custom; (2) promulgated by a municipal policymaker; (3) which was the "moving force" behind the violation of a constitutional right. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Municipal liability under § 1983 cannot be predicated on *respondeat superior*. *Piotrowski*, 237 F.3d at 578.

Instead, "it is when the execution of a government's policy of custom . . . inflicts the injury that the government as an entity is responsible under section 1983." *Monell*, 436 U.S. at 694. Therefore, "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989)).

For Galveston County to be susceptible to *Monell* liability for Bryant's constitutional injuries, Bryant must show an official policy or custom promulgated by a municipal policymaker was the "moving force" behind the violation of his constitutional rights. Bryant pleads that the GCSO was deficient in at least seven ways: failure to train its officers; failure to discipline officers for excessive force; a culture of using excessive force;

failure to supervise; a code of silence; a pattern of excessive force; and ratification of use of excessive force. Dkt. 13 ¶ 48. Bryant, however, has failed to plead sufficient facts to support these conclusory allegations against Galveston County.

While Bryant has alleged a number of incidents of police misconduct, the court takes judicial notice that all but two of them involved Galveston police and not the Galveston County Sheriff's Office. *Id.* ¶¶ 26–30; *Luman*, 2020 WL 4818832, at *2. For the purposes of *Monell* liability, these incidents are irrelevant for determining whether a policy, practice, custom, or procedure of the *GCSO* was responsible for Bryant's injuries. The two relevant incidents involving the GCSO occurred in 2011 and 2017. *Id.* ¶¶ 31–32. This circuit has identified "no rigid rule regarding numerosity to prove a widespread pattern of unconstitutional acts," *Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021), but this court cannot conclude that two allegations of excessive force in a span of six years support the reasonable inference that a practice, pattern, or culture of excessive force is "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see Prince v. Curry*, 423 F. App'x 447, 451 (5th Cir. 2011) (affirming dismissal of municipal liability claims where the alleged "existence of only one or, at most, two other similarly situated

defendants" or "of one or two prior incidents" do not "plausibly suggest that [defendant county] has a policy or custom of unconstitutionally subjecting sex offenders to enhanced sentences").

The paucity of Bryant's factual pleadings likewise undermines his claim that the GCSO failed to train its deputies on the "Free Speech rights of suspects." Dkt. 13 ¶ 34. Bryant's conclusory and insufficient factual allegations fail to put forward plausible claims for relief on his alternative theories for relief. Bryant's own pleadings make clear that while he is personally dissatisfied with the GCSO's corrective action, the GCSO did investigate and sustain Bryant's allegations of use-of-force and accountability/reporting policy violations against deputies Holley and Silvas. Against this backdrop, it is difficult to find credible or plausible Bryant's allegations of a code of silence, failures to discipline and supervise, or that the GCSO ratified the offensive conduct of its deputies.

Because the court believes allowing Bryant a second amended complaint "would be an inefficient use of the parties' and the court's resources, would cause unnecessary and undue delay, and would be futile," Bryant's § 1983 claims against Galveston County are dismissed with prejudice. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "At some point, a court must decide that a plaintiff has had fair

opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986).

Bryant, in addition to requesting the opportunity to replead, requests a continuance to conduct *Monell* discovery, but relies on Fifth Circuit case law that has since been withdrawn and superseded, and which no longer supports his position. *Jackson v. Valdez*, No. 20-10344, 2021 WL 1183020 (5th Cir. Mar. 29, 2021), *opinion withdrawn and superseded*, 852 F. App'x 129 (5th Cir. 2021). Accordingly, his request for a continuance for *Monell* discovery is denied.

## B. State-law Tort Claims

Bryant's fourth cause of action is for assault and battery under Texas law against deputies Holley and Silvas. To the extent Bryant seeks to bring suit against Galveston County for the same, the court is without jurisdiction.

"Texas counties enjoy governmental immunity from suit which, to the extent it applies, deprives a court of its subject[-]matter jurisdiction." *Escobar v. Harris Cty.*, 442 S.W.3d 621, 627 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004)). The Texas Tort Claims Act, however, waives counties' governmental

immunity in certain cases not applicable here.[3] *Id.* The Act affirmatively denies waiving immunity for intentional torts such as assault and battery. Tex. Civ. Prac. & Rem. Code § 101.057 (2021). Accordingly, Bryant's state-law tort claims against Galveston County are dismissed *without* prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016) (dismissing without prejudice because court lacked subject-matter jurisdiction).

## C. Punitive Damages

Because none of Bryant's claims against Galveston County survive this stage, his request for punitive damages also fails.[4] Accordingly, Bryant's request for punitive damages is dismissed.

---

[3] "A governmental unit in the state is liable for:
(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
    (B) the employee would be personally liable to the claimant according to Texas law; and
(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021 (2021).

[4] Had Bryant's claims survived, punitive damages would still be barred against Galveston County because "an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the commission of the tort." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("punitive damages are not available under § 1983 from a municipality").

\*   \*   \*

For the reasons stated above, Galveston County's motion to dismiss is granted. Bryant's § 1983 claims against Galveston County are dismissed with prejudice to refiling; his state-law tort claims are dismissed without prejudice because the court lacks subject-matter jurisdiction to rule on the merits.

Signed on Galveston Island this 30th day of November, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE