# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **Stephen Patrick Bryant III,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: 3:20-cv-00374 |
| **GALVESTON COUNTY, TEXAS** § | |
| **DEPUTY HOLLEY, Individually and** § | |
| **DEPUTY SILVAS, Individually** § | |
| *Defendants*. § | |

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, Deputy Sheriff James Holley moves for summary judgment on all claims under FED. R. CIV. P. 56.

1

## TABLE OF CONTENTS

Table of Contents .................................................................................................... 2

Table of Authorities ............................................................................................... 3

Table of Exhibits ................................................................................................... 5

Summary of the Argument ..................................................................................... 6

Summary of the Facts ............................................................................................ 6

Summary Judgment Standard ................................................................................ 8

Arguments and Authorities .................................................................................... 8

    I.    Deputy Holley did not violate federal law as Plaintiff suffered no injuries ..................................................................................................... 10

    II.   Plaintiffs' Texas law claims fail .................................................... 111

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. City of Round Rock*,
   854 F.3d 298 (2017) ............................................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................. 8

*Boeing Co. v. Shipman*,
   411 F.2d 365 (5th Cir. 1969), *overruled on other grounds by Gautreaux
   v. Scurlock Marine Inc.*, 107 F.3d 331 (5th Cir. 1997) ....................................................... 8

*Brown v. Lynch*,
   524 F. App'x 69 (5th Cir. 2013) .......................................................................................... 9

*Buehler v. Dear*,
   27 F. 4th 969 (5th Cir. 2022) ......................................................................................... 9, 10

*Gautreaux v. Scurlock Marine Inc.*,
   107 F.3d 331 (5th Cir. 1997) .............................................................................................. 8

*Graham v. Conner*,
   490 U.S. 386 (1989) ............................................................................................................. 8

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
   253 S.W.3d 653 (2008) ...................................................................................................... 11

*Renfroe v. Parker*,
   974 F.3d 594 (5th Cir. 2020) .............................................................................................. 8

*Tarver v. City of Edna*,
   410 F.3d 745 (5th Cir. 2005) .............................................................................................. 9

*Westfall v. Luna*,
   903 F.3d 534 (5th Cir. 2018) ............................................................................................ 10

*Wren v. Towe*,
   130 F.3d 1154 (5th Cir. 1997) .......................................................................................... 11

*Williams v. Bramer*,
　180 F.3d 699 (5th Cir. 1999) ....................................................................................... 8

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 101.106(a) ..................................................................... 11

## TABLE OF EXHIBITS

Exhibit 1:    Excerpts from Plaintiff Stephen Bryant's Deposition

Exhibit 2:    Stephen Bryant's Booking Photo

Exhibit 3:    Declaration of Deputy James Holley

Exhibit 4:    Galveston County Incident Report 18-00004732

Exhibit 5:    Verification of exhibits affidavit

## SUMMARY OF THE ARGUMENT

1.      The evidence establishes the Plaintiff suffered no injuries and therefore was not deprived any Plaintiff of a federally protected right. Deputy Holley acted objectively reasonably and did not violate clearly established law. Defendant is immune from claims brought under Texas law.

## SUMMARY OF THE FACTS

2.      On December 14, 2018, Deputies Holley and Silvas arrested Stephen Patrick Bryant.[1] [Ex. 3]. Plaintiff's arrest came after deputies were dispatched to a physical disturbance between the Plaintiff and his wife, Kristen Bryant. [Exs. 3,4] A friend reported to Galveston County Sheriff's Office communications that the Kristen Bryant was being assaulted by the Plaintiff. [Exs. 3, 4] Deputies Holley and Silvas were dispatched to the residence. [Exs. 3, 4].

3.      Upon arrival, Deputies Silvas and Holley made contact with the Plaintiff's wife who indicated she was leaving the residence for the night to go with her friend. [Exs. 3, 4] The Plaintiff, upon seeing the uniformed deputies speaking with his wife in the driveway, yelled "don't open the gate" and ran into his residence, despite being told to stop by deputies. [Exs. 3, 4] Deputies pursued the Plaintiff, who locked the door and refused to open the door despite numerous requests to do so. [Exs. 3, 4]

4.      Deputy Holley forced entry into the residence through the front door and the

---

[1] "Plaintiff" refers to Stephen Bryant.

Plaintiff was arrested for the felony offense of assault family violence and evading arrest.[2] [Exs. 3, 4]

5. Plaintiff was placed in the rear seat of the Galveston County Sheriff's Office patrol vehicle for transport to jail. [Ex. 3]

6. As the patrol vehicle departed the residence to take Stephen Bryant to jail, Deputy Silvas was driving. [Ex. 3] Almost immediately after the patrol vehicle started moving, Stephen Bryant exploded with anger and starting screaming profanities, kicking around and banging the partition. [Ex. 3] Knowing that the Santa Fe jail would not accept Stephen Bryant if he was acting in this manner and also concerned that Stephen Bryant would injure himself, Deputy Silvas was advised to stop the patrol vehicle so Deputy Holley could request that Stephen Bryant calm down. [Ex. 3]

7. Deputy Holley opened the rear door of the patrol vehicle and Stephen Bryant tried exit the vehicle. [Ex. 3} Deputy Holley used his hand to push Stephen Bryant back into the vehicle to prevent his escape. [Ex. 3] Stephen Bryant was able to extend his legs and push against Deputy Holley to resist his efforts to keep Stephen Bryant in the vehicle. [Ex. 3] Deputy Holley was able to push Stephen Bryant's legs back down onto the floorboard area and then was able to close the door. [Ex. 3]

8. Once the door was closed, Stephen Bryant calmed down and was transported to the Santa Fe Police Department jail. [Ex. 3] Stephen Bryant did not report any injuries to

---

[2] There are no claims related to the entry of the residence or arrest asserted by the Plaintiff in his complaint. [Doc. 13]

7

Deputy Holley and no injuries were observed. [Ex. 3]

9. Stephen Bryant did not report injuries to the jail staff and his booking photo did not depict any injures. [Ex. 3, Ex. 2]

## SUMMARY JUDGMENT STANDARD

10. Plaintiff must identify "significant probative evidence" demonstrating a genuinely disputed material fact that presents a triable issue. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). Constitutional and immunity standards identify material evidence, and only disputes over those facts can preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Summary judgment is appropriate because there is no genuine conflict in substantial material evidence that creates a material question only a jury can answer. *Boeing Co. v. Shipman*, 411 F.2d 365, 375 (5th Cir. 1969), *overruled on other grounds by Gautreaux v. Scurlock Marine Inc.*, 107 F.3d 331, 339 (5th Cir. 1997).

## ARGUMENTS AND AUTHORITIES

**I. Deputy Holley did not violate federal law as Plaintiff suffered no injuries.**

11. The right to arrest necessarily includes the right to use some degree of physical coercion or threat thereof to effect it. *Graham*, 490 U.S. at 396. Therefore, a greater than *de minimis* injury which resulted directly and only from objectively unreasonable force that was clearly excessive to the need is required to support a claim. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

12. To survive summary judgment on an excessive force claim, a plaintiff's "injury

8

must be more than *de minimis*." *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). Here, the Plaintiff did not complain of any physical injury at the scene or at the jail when specifically asked, testified he did not recall seeing or having any injuries, nor are there any signs of injury on the booking photo. [Exs. 1, 2, 4].

13. Generally, to maintain a claim for excessive force, a plaintiff need not demonstrate a significant injury, but the injury must be more than *de minimis. See Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). Recently, the Fifth Circuit has characterized the injury requirement as "a sliding scale, not a hard cutoff." *Buehler*, 27 F.4th at 982. This approach treats the degree of injury—even if minor—as interrelated to the reasonableness and excessiveness of the officer's force. "[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.' " *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (alternation in original) (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013)). Accordingly, "[a]ny force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Id.* (quoting *Brown*, 524 F. App'x at 79). In other words, "as long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Id.* (quoting *Brown*, 524 F. App'x at 79). This means that if the officer's force was unreasonably excessive, Bryant still needs to show "some injury"— which he cannot.

9

Bryant's injuries do not even rise to the "minor" standard. Courts have found the following to be "minor". *See, e.g., Westfall v. Luna*, 903 F.3d 534, 549–50 (5th Cir. 2018) (holding that abrasions, bruises, bloody urine and high blood pressure were *de minimis* injuries); *Buehler*, 27 F.4th at 982 (holding that abrasions to the face, head and tricep bruises, and mental trauma were minor injuries). Moreover, Solis never sought medical treatment. *See Buehler*, 27 F.4th at 983 (noting that a plaintiff's failure to seek medical treatment suggested the injury was minor). Bryant's claim of mental anguish and anxiety are also insufficient. Courts ".... have rejected similar attempts by excessive-force plaintiffs to parlay their minimal injuries into more serious ones by tacking on allegations of psychological suffering." *Id.* Accordingly, the limited extent of Bryant's injuries tends to support a conclusion that the Holley acted reasonably.

14. Plaintiff testified he was specifically by the jail medical staff if he had injuries or needed any medical attention and did not ask for medical attention or indicate he had any injuries. [Ex. 1, pg. 74, ll. 19 to pg. 76, ll. 10, Ex. 2, Ex. 4] There is no evidence Plaintiff sustained any injury and certainly nothing greater than *de minimis* injury from the use of force about which he complains.

15. The Plaintiff testified in his deposition that he was not injured, only "scared", did not seek any medical treatment, and did not even have any marks that he could remember. [Ex. 1, pg. 80, ll. 1-5, p. 82, ll. 17 to p. 83, ll. 15; p. 92, ll. 19-25,]. The Plaintiff did not report any injuries to the jail staff nor are any injuries visible on the Plaintiff's booking photo. [Ex. 1, pg. 74, ll. 19 to pg. 76, ll. 10, Ex. 2, Ex. 4]

## II.      Plaintiff's Texas law claims fail.

### Individual defendant immunity.

16.     Plaintiff's original election to assert claims under Texas law against Galveston County bars Plaintiff from prosecuting these claims against any individual defendant. TEX. CIV. PRAC. & REM. CODE § 101.106(a); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (2008). Even if the defendant was not protected by statutory immunity, nonetheless, he is under common law. "Texas [common law] official immunity is substantially the same as federal qualified immunity." *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir. 1997). Like qualified immunity, individual defendants are immune from claims under Texas law. City's immunity.

## CONCLUSION AND PRAYER

17.     Therefore, Defendant Deputy Holley moves for summary judgment.

Respectfully submitted,

__*Gregory B. Cagle*__

Gregory B. Cagle
Texas Municipal Police Association

TBA #00790414
1602B State St.
Houston, Texas 77007
(713) 489-4789 Telephone
(713) 489-4792 Telecopier

11

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the District's ECF service rules on this 13th day of August, 2021.

*Greg Cagle*

CERTIFICATE OF WORD COUNT

I certify this motion does not exceed 5,000 words. The motion contains <u>1,663</u> words.