UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **Stephen Patrick Bryant III,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 3:20-cv-00374 |
| **GALVESTON COUNTY, TEXAS** | § | |
| **DEPUTY HOLLEY, Individually and** | § | |
| **DEPUTY SILVAS, Individually** | § | |
| *Defendants*. | § | |

### DEPUTY SHERIFF JAMES HOLLEY'S DECLARATION

1. My name is James Holley. I am an employee, in the paid service, of the Galveston County Sheriff's Office, Galveston, Texas. I execute this declaration as part of my assigned duties and responsibilities as a deputy sheriff. I am also licensed as a peace officer by the State of Texas through the Texas Commission on Law Enforcement (TCOLE). I have successfully completed all TCOLE peace officer training and licensing requirements. I declare under penalty of perjury in accordance with the laws of the United States of America and the State of Texas that my statements in this declaration are true and correct. I am over the age of twenty-one (21) and in all ways qualified and competent to make the statements in this declaration. My statements are based on my own personal knowledge because they reflect matters I personally observed, heard, or in which I participated.

2. On December 14, 2018, I was on duty as a Galveston County Deputy Sheriff, wearing a Sheriff's Office patrol uniform. The uniform I wore displayed a patch prominently identifying me as a deputy sheriff and displayed a deputy sheriff badge. I was riding as a two-man unit with Deputy Silvas.

Defendant's Summary Judgment Exhibit No. 3, page 1

3. At approximately 2206 hours we were dispatched to a disturbance at 4502 Tower Road, Galveston County, Texas. Dispatch advised that a friend of the victim had called and advised that the victim advised her that she was being assaulted by her husband. Upon arrival I met a female, who I later identified as Kristen Bryant, the wife of the Plaintiff. Kristen Bryant was visibly shaken and advised she was leaving for the night with a friend.

4. I then noticed a male, later identified as Stephen Bryant, the Plaintiff in this case, emerge from behind the house. Stephen Bryant was behind a fence that crossed the driveway of the residence. As soon as Stephen Bryant saw me and Deputy Silvas talking to his wife, he yelled to his wife to "not let us in and lock the gate", or words to that effect. Deputy Silvas and I gave chase. Stephen Bryant ran into the rear door of the residence, closed the door, and locked it. I yelled on several occasions, ordering Stephen Bryant to open the door, but he refused. I went to the front of the residence and made forced entry into the residence where Stephen Bryant was detained in handcuffs. Stephen Bryant was placed in the rear seat of the patrol car that Deputy Silvas and I arrived in.

5. Deputy Silvas spoke with Kristen Bryant and obtained the details of the assault. The Galveston County District Attorney's Office was contacted, advised of the facts observed and information from Kristen Bryant, and accepted charges of Assault Family Violence (Felony due to prior convictions) and Evading Arrest/Detention.

6. As we departed the residence to take Stephen Bryant to jail, Deputy Silvas was driving. Almost immediately after we started moving, Stephen Bryant exploded with anger and started screaming profanities, kicking around, and banging the partition. I knew that the Santa Fe jail would not accept Stephen Bryant if he was acting in this manner and was

also concerned that Stephen Bryant would injure himself. I advised Deputy Silvas to stop the vehicle so I could explain to Stephen Bryant that he needed to calm down. I opened the rear door of the patrol vehicle and Stephen Bryant tried exit the vehicle. I used my hand to push Stephen Bryant back into the vehicle to prevent his escape. Stephen Bryant was able to extend his legs in my direction, while he pushed against my efforts to keep him the vehicle. I was able to push his legs back down onto the floorboard area and then was able to close the door. I did not choke Stephen Bryant or place my hands around his throat.

7.      Once the door was closed, Stephen Bryant calmed down and was transported to the Santa Fe Police Department jail. Stephen Bryant did not report any injuries to me or anyone in my presence. I did not observe any injuries on Stephen Bryant before, during or after his arrest. I retrieved the booking photo from the arrest of Stephen Bryant and the photo accurately represents the condition of Stephen Bryant at the time of his arrest. *Exhibit 2* Deputy Silvas prepared the offense report in this case, which is a record maintained in the normal course of business by the Galveston County Sheriff's Office and prepared by a person with personal knowledge of the facts contained therein. *Exhibit 4*

8.      During these occurrences, I performed discretionary police actions, within the scope of my police duties, in good faith. I am not aware of any law that required me or Deputy Silvas to perform our duties in this matter differently. If I erred in some way, I am not aware of doing so. I simply did what I believed was appropriate and necessary to appropriately perform my police duties. I believe all my actions were reasonable.

Executed in Galveston County, State of Texas, on this 13th day of August, 2022.

_____
Deputy Sheriff James Holley