**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **STEPHEN PATRICK BRYANT III,** | § | **Civil Action No. 3:20-cv-374** |
| *Plaintiff,* | § | **(Jury Trial)** |
| | § | |
| **v.** | § | |
| | § | |
| **GALVESTON COUNTY, TEXAS;** *et al*, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT HOLLEY'S
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JEFFREY V. BROWN:**

NOW COMES PLAINTIFF Stephen Bryant, responding to Defendant Holley's motion for summary judgment.[1] Holley relies only on his own biased statements to paint a false factual narrative, and then uses that narrative to reach the incorrect legal conclusions on only the thinnest grounds. Because those narrow arguments are easily defeated in the face of the facts properly considered, Defendant Holley's motion clearly fails and should be denied. Thus, Plaintiff respectfully shows the Court as follows:

## I.    Standard of Review

A court may *only* enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact.[2] The Court must draw all reasonable inferences in the light most favorable to the

---

[1] Doc. 45.
[2] Fed. R. Civ. P. 56(a).

nonmoving party, Plaintiff here.[3] The burden rests on the moving party to demonstrate the lack of a genuine dispute of material fact.[4] On the other hand, the nonmoving party must identify the evidence in the record that supports its claim, and explain how the identified evidence does so.[5] There is a genuine dispute where a reasonable jury could find for the nonmoving party, and a fact is material if it could affect the outcome of the case.[6]

In deciding whether to grant judgment as a matter of law (much like a decision to grant summary judgment), a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, *at least to the extent that that evidence comes from disinterested witnesses*."[7] When liability is disputed, an officer's account will invariably be favorable to himself, and the credibility of that account is crucial.[8] Here, summary judgment clearly cannot rest on the statements of interested witnesses—chiefly Defendant's own statements and the police report based on his and Defendant Silvas's statements. "Cases that turn crucially on the credibility of witnesses' testimony in particular should not be resolved on summary judgment."[9]

## II.    List of Exhibits

1. Expert Report of Dr. Keith Howse

2. Letter stating the outcome of the IAD investigation

---

[3] *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).
[4] *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986).
[5] *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citations omitted).
[6] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[7] *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 151 (2000) (emphasis added).
[8] *Gooden v. Howard County, Md.*, 954 F.2d 960, 971 (4th Cir. 1992).
[9] *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999).

3.  Excerpts of the IAD investigation report

4.  Defendant Holley's deposition transcript

### III.    Argument

As the movant for summary judgment, Defendant Holley comes short in myriad ways. First and glaringly, his purported "summary of the facts" cites *only* to his *own statement* about the event and the incident report that *he wrote* along with Defendant Silvas, with the exception of a single citation to a photograph.[10] These biased and self-serving documents cannot be the sole basis for summary judgment, and this Court should not credit them in the slightest.[11] Moreover, the internal affairs division (IAD) sustained claims against both Holley and Silvas for the deficiencies found in the report that Holley now seeks to rely on.[12]

Second and even more glaringly, with respect to the constitutional claim, Holley makes *no* argument other than Stephen's lack of injury.[13] He does not argue that his decision to choke Stephen was reasonable outside of the context of the injury argument,[14] he does not raise qualified immunity, and he does not make any argument with respect to the excessive force factors.

And third, he does not address in the slightest how the contested evidence—much of which he provided—demonstrates the lack of a material dispute.[15] There is no video of the incident itself, as Holley had either disabled or chosen not to activate the camera,[16] and a

---

[10] Doc. 45 § Summary of the Facts.
[11] *See* § I. Standard of Review, *supra.*
[12] Ex. 1 pp. 11–13; Ex. 2; Ex. 3 p. 1.
[13] *See* Doc. 45 § Arguments and Authorities.
[14] Doc. 45 ¶ 13 ("Accordingly, the *limited extent of Bryant's injuries* tends to support a conclusion that Holley acted reasonably") (emphasis added).
[15] Exs. 2–4.
[16] Ex. 1 pp. 11–12.

factfinder could easily find based on the testimony of Plaintiff, his witnesses, and his expert that Holley violated his constitutional rights.

Defendant Holley's substantive arguments also fall well short of his burden, as Plaintiff will now discuss in turn.

### A. Holley's only argument about lack of injury clearly fails, and he provides no further basis for his motion.

As discussed *supra*, the singular basis on which Holley relies for summary judgment on the constitutional claim is the supposed lack of sufficient injury.[17] No other basis is available to him for summary judgment.[18] Moreover, the IAD sustained findings against Holley for his conduct toward Stephen, his use of force, and his failure to report his use of force.[19] It specifically found that Stephen "was not a threat to anyone or himself," and that had Holley not opened the door to the patrol car, "THIS INCIDENT WOULD NOT HAVE OCCURRED AT ALL," and that he was not justified in using *any* force in the circumstance.[20] The IAD was correct in this particular analysis—there was nothing to have justified the use of *any* force in this instance, even if Holley had properly made that argument.[21]

Instead, he relies solely on the supposed lack of injury, which is contradicted by his own cited evidence. Rather than testifying that "he was not injured," Plaintiff testified that he did not recall certain evidence of injuries, that he did not report injuries to the jail staff due to

---

[17] Doc. 45.
[18] *See* § I. Standard of Review, *supra*.
[19] Ex. 2; Ex. 3 p. 1; Ex. 4 p. 3 at 12:15–21.
[20] Ex. 3 pp. 12–14 (emphasis in original).
[21] *See Joseph v. Bartlett*, 981 F.3d 319, 332–33 (5th Cir. 2020) (internal quotations, citations, and annotations omitted) (discussing the excessive force factors, none of which were met here, where Stephen was already in handcuffs, in the car, contained, not resistant, and not attacking either officer [Ex. 4 p. 14 at 54:15–23]).

fear of retaliation, and that he was diagnosed with PTSD.[22] Moreover, his own cited case with respect to psychological injuries is clearly distinguishable: there, the Court held that an officer taking 20-45 seconds to handcuff an arrestee cannot be supported by a generalized mental injury alone;[23] here, Stephen was diagnosed with PTSD, and was choked for one to two minutes while handcuffed and trapped in a patrol car.[24] Thus, in addition to the pain, fear, and loss of breath during the incident, Stephen has a specific, compensable injury that clearly rises above the *de minimis* level.

### B. This Court's previous opinion negates Holley's TTCA argument, and Holley does not meet his burden as movant on his claim to official immunity.

With respect to Defendant Holley's TTCA argument, this Court has already considered and denied the same reasoning. He argues that the TTCA should apply, and that the election of remedies provision should protect him.[25] This Court already found that the TTCA does not reach intentional torts like the ones claimed here, and that the Court could not evaluate those claims as against the County.[26] The same reasoning is still true, and it destroys Defendant's election-of-remedies argument.

With respect to the official immunity claim, Defendant has fallen well short of his burden.[27] He mentions it only in passing, and makes no argument to support it.[28] Official immunity is "substantially the same" as qualified immunity.[29] But unlike qualified immunity

---

[22] Def's. Ex. 1.
[23] *Buehler v. Dear*, 27 F.4th 969, 983 (5th Cir. 2022)
[24] Def's. Ex. 1 at 83:13–15; Ex. 1 pp. 11–12; Ex. 3 pp. 2–3.
[25] Doc. 45 § II.
[26] Doc. 36 § III.B.
[27] Doc. 45 § II.
[28] Doc. 45 § II.
[29] *Crostley v. Lamar County, Tex.*, 717 F.3d 410, 424 (5th Cir. 2013).

the burden is on the *government official* to *conclusively establish* their official immunity claim.[30]
Given the facts here, a reasonable jury could easily find that no reasonably prudent officer
under the same or similar circumstances could have believed that the conduct in question
was justified.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendant Holley's motion
for summary judgment be **DENIED**.

Respectfully submitted,

*/s/ Alexander C. Johnson*
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
    Bar No. 24123583
U.S. Southern District of Texas
    Federal ID No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573.340.3316
Fax: 713.893.6737
Email: alex@acj.legal
Attorney for Plaintiff

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas
    Bar No. 00790995
U.S. Southern District of Texas
    Federal ID No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
Fax: 713.893.6737
Email: AttorneyKallinen@aol.com

---

[30] *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on September 6th, 2022, I have served a true and correct copy of the foregoing

document that was delivered by the ECF in accordance with the Federal Rules of Civil

Procedure to all ECF notice attorneys of record.

*/s/ Alexander C. Johnson*
Alexander C. Johnson