**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **STEPHEN PATRICK BRYANT III,** | § | **Civil Action No. 3:20-cv-374** |
| *Plaintiff,* | § | **(Jury Trial)** |
| | § | |
| **v.** | § | |
| | § | |
| **GALVESTON COUNTY, TEXAS;** *et* | § | |
| *al,* | § | |
| *Defendants.* | § | |
| | § | |

## SUPPLEMENT TO PLAINTIFF'S RESPONSE TO DEFENDANT HOLLEY'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JEFFREY V. BROWN:**

NOW COMES PLAINTIFF Stephen Bryant, supplementing his response to Defendant Holley's motion for summary judgment.[1] He respectfully shows the Court as follows:

### I.    Objections to Summary Judgment Evidence

Significant portions of evidence are inadmissible hearsay.[2] Defendant's Exhibit 3 (Holley's declaration) contains much hearsay, including his statements about both Stephen and Defendant Silvas's statements and actions.[3] Defendant's Exhibit 4 (police report) contains hearsay throughout the narrative with respect to others' statements and actions.[4] And finally, the included portions of the IAD investigation that quote Defendants and were not specifically cited by Plaintiff in his motion response is made up of hearsay, except to the

---

[1] Doc. 45.
[2] Fed. R. Evid. 801, 802.
[3] Def's. Ex. 3 ¶¶ 4–7.
[4] Def's. Ex. 4 pp. 4–5.

extent which the cited material contains statements by Defendants against their own interest.[5] This objectionable material should not be considered by the Court in its determination on summary judgment, especially where it serves as Defendant Holley's main support for his argument on summary judgment.

In addition to containing hearsay, as Plaintiff pointed out in his original motion response, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, *at least to the extent that that evidence comes from disinterested witnesses*."[6] When liability is disputed, an officer's account will invariably be favorable to himself, and the credibility of that account is crucial.[7] Here, summary judgment clearly cannot rest on the statements of interested witnesses— chiefly Defendant's own statements and the police report based on his and Defendant Silvas's statements. "Cases that turn crucially on the credibility of witnesses' testimony in particular should not be resolved on summary judgment."[8] As a result, much of Defendant's evidence should not be credited by the Court, whether or not it is considered admissible.

### 1. *Late filing*

There is no prejudice to Holley as this supplement is filed less than a day late, and has less than two pages of substantive content. Plaintiff also agrees to a one day extension to Defendant's reply deadline, so any prejudice that could be claimed is cured by that extension. Moreover, the lateness is due in part to internet outages at the undersigned counsel's home

---

[5] Pl's. Ex. 3 pp. 4–14; Fed R. Evid. 804.
[6] *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 151 (2000) (emphasis added).
[7] *Gooden v. Howard County, Md.*, 954 F.2d 960, 971 (4th Cir. 1992).
[8] *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999).

office as a result of ongoing utility work, as well as a problem keeping drafts of the response document consistent due to a recently updated file storage and security system.

## II.    Conclusion

For the foregoing reasons and for the reasons stated in his original response, Plaintiff respectfully requests that Defendant Holley's motion for summary judgment be **DENIED**.

Respectfully submitted,

*/s/ Alexander C. Johnson*
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
    Bar No. 24123583
U.S. Southern District of Texas
    Federal ID No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573.340.3316
Fax: 713.893.6737
Email: alex@acj.legal
Attorney for Plaintiff

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas
    Bar No. 00790995
U.S. Southern District of Texas
    Federal ID No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
Fax: 713.893.6737
Email: AttorneyKallinen@aol.com
Attorney for Plaintiff

## CERTIFICATE OF CONFERENCE

I certify that I have conferred in good faith by email on September 7th, 2022 to Mr. Cagle but have not yet received a response. Plaintiff believes the best course of action is to file now so that Defendant has the most amount of time to consider this in his reply. Also, Plaintiff is Unopposed to a one-day extension for Defendant to Reply. Plaintiff will update this certificate when he receives a response.

*/s/ Randall L. Kallinen*
Randall L. Kallinen

## CERTIFICATE OF SERVICE

I certify that on September 7th, 2022, I have served a true and correct copy of the foregoing document that was delivered by the ECF in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

*/s/ Alexander C. Johnson*
Alexander C. Johnson