IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN PATRICK BRYANT III, § | | CIVIL ACTION NO. 3:20-cv-374 |
|     Plaintiff § | | |
| § | | |
| v. § | | |
| § | | |
| GALVESTON COUNTY, TEXAS, § | | JURY DEMAND |
| DEPUTY HOLLEY AND § | | |
| DEPUTY SILVAS § | | |
| Defendants. § | | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Deputy James Holley's reply and objections to Plaintiff's Response [Doc. 60] and Plaintiff's Supplemental Response [Doc. 62] to Defendant's motion for summary judgment [Doc. 45].

**I.     Objections to Plaintiff's summary judgment exhibits.**

1.     In accordance with FED. R. CIV. P. 32 and FED. R. EVID. 401, 402, 611(a), Deputy Holley objects to admission of Plaintiff's summary judgment exhibit 1, 2, 3, 4 [Doc. 60-1, 2, 3, 4] filed in response to Deputy Holley's motion for summary judgment.

    **A.     The Court should sustain Deputy Holley's objection to exhibits 1, 2, 3 as they are inadmissible hearsay and irrelevant to the Constitutional issues before the Court.**

2.     The Plaintiff's "expert report" (Ex. #1) is inadmissible. The "report", which is undeniably hearsay and inadmissible, as well as Plaintiff's overall argument, is policy based, not a constitutionally based argument. The same legal principals apply to Plaintiff's exhibits 2 and 3.

Galveston County Sheriff's Office policy violations are irrelevant to the claims asserted in this case.[1]

### B. The Court should sustain Deputy Holley's objection to the entire Exhibit 4.

3. Even if "evidence exists in the summary judgment record, but Plaintiff fails to refer to it in response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). **The Plaintiff did not cite any specific testimony from Plaintiff's exhibit 4 in the Plaintiff's brief.** The Court should exclude Plaintiffs' wholesale "dump" of Deputy Holley's entire deposition transcript as Plaintiff's Exhibit 4, much of which is objectionable for different reasons (again asserting department policy violations to support a Fourth Amendment claim) in addition to Plaintiffs' failure to cite specific testimony, into the summary judgment record. *See* FED. R. EVID. 401-02.

4. Plaintiff is required to designate *specific facts* in the summary judgment record which show that Deputy Holley deprived plaintiff of a federally protected right and did so violating clearly established law. This court is not obligated to scour entire, uncited deposition transcripts to find potentially relevant and admissible evidence. *See Jones v. Sheehan, Young and Culp*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

5. Therefore, *Plaintiffs' Exhibit 4* is simply not properly before the Court for purposes of evaluating the summary judgment record. *See Malacara*, 353 F.3d at 404-05. "The perfunctory and conclusional assertion that a particular [deposition transcript] creates such a conflict normally

---

[1] See Doc. 52, pg. 3. Policy violations are irrelevant to Fourth Amendment claims. Ironically, the Internal Affairs investigator did not find that Deputy Holley choked the Plaintiff as alleged in his complaint and cited the evidence supporting that conclusion in the report. [Doc. 60-3, pgs. 9, 10]

will not suffice" to meet the Plaintiffs' burden. *Id*. "Judges are not like pigs,[2] hunting for truffles buried in briefs." *De La O v. Housing Authority of the City of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). By failing to identify specific portions of deposition testimony, Plaintiff has failed in his burden to identify admissible evidence which refutes Deputy Holley's entitlement to summary judgment. *See De La O*, 417 F.3d at 501.

ARGUMENT AND AUTHORITIES

**II.     Officer Holley's uncontroverted testimony is admissible evidence that supports summary judgment.**

6.      Quite tellingly, not included in the Plaintiff's Reply is any sworn testimony, affidavits, or deposition testimony from the Plaintiff himself. The Plaintiff has offered no admissible evidence of an injury or even any admissible evidence to support a Fourth Amendment claim. It would be error for the Court to disregard Deputy Holley's uncontroverted testimony contained in Defendant's Exhibit #3 to Defendant's Motion for Summary Judgment. [Doc. 45 and 45-3] *See Orr v. Copeland*, 844 F.3d 484, 490-91 (5th Cir. 2016). As such, the Defendant's Motion for Summary Judgment should be granted.

**III.    Deputy Holley is immune from the State Law claim of assault.**

   **A.   Deputy Holley state law statutory individual immunity does not hinge on whether the Galveston County is protected from liability by its governmental immunity.**

7.      In *Meadours v. Ermel*, 483 F.3d 417, 424 (5th Cir. 2007), the Fifth Circuit panel incorrectly applied Texas statutory immunity in the manner the Plaintiff urges this Court to commit the same legal error. In *Bustos v. Martini Club*, 599 F.3d 458, 463 (5th Cir. 2010), the Fifth Circuit recognized the error the *Meadours*' court had made and discussed that the Texas Supreme Court,

---

[2] The Circuit Court's, not counsel's, analogy.

in *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008), had confirmed that Texas immunity law established that *Meadours* was incorrectly decided. Deputy Holley is immune from state law claims, under Texas statutory immunity.

### B. Deputy Holley is immune under Texas common law official immunity from the assault claim.

8. For essentially the same reasons Deputy Holley is protected by qualified immunity under federal law, he is protected by common law official immunity under Texas law. *See Hart v. O'Brien*, 127 F.3d 424, 450 (5th Cir. 1997).

### CONCLUSION AND PRAYER

9. For these reasons and the evidence and authorities identified in Deputy Holley's summary judgment motion, Deputy Holley moves this Court to enter an order sustaining Deputy Holley's objections to Plaintiff's summary judgment exhibits 1, 2, 3, 4 and an order dismissing Plaintiff's claim, and to grant summary judgment in favor of Deputy Holley.

Respectfully submitted,

__*Gregory B. Cagle*__
Gregory B. Cagle
Texas Municipal Police Association
TBA #00790414
1602B State St.
Houston, Texas 77007
(713) 489-4789 Telephone
(713) 489-4792 Telecopier

CERTIFICATE OF CONFERENCE

Counsel for the Defendant conferred with Plaintiff's counsel regarding the date to file this pleading and agreed to September 21, 2022 in light of Plaintiff's supplemental Response filed on September 7, 2022.

*/s/ Gregory B. Cagle*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 21st day of September, 2022.

Randall L. Kallinen
Email: AttorneyKallinen@aol.com
*Attorney for Plaintiff*

*/s/ Gregory B. Cagle*